# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **MALCOLM CAMPBELL**, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>**DONISI JAX, INC. d/b/a NATIONWIDE HEALTH ADVISORS**<br><br>　　　　　　　　　　Defendant. | Civil Case No.:<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

## INTRODUCTION

1.	Plaintiff Malcolm Campbell ("Plaintiff") brings this Class Action Complaint for statutory damages, injunctive relief, and any other available legal or equitable remedies, resulting from Defendant Donisi Jax, Inc.'s (d/b/a Nationwide Health Advisors) ("Nationwide") practice of placing prerecorded and autodialed telemarketing telephone calls to telephones without prior express written consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA").

## JURISDICTION AND VENUE

2.	This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendant because Defendant resides in this District and the behavior giving rise to the instant litigation occurred in this District.

3.	Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District.

## PARTIES

1

4. Plaintiff is, and at all times mentioned herein was, a citizen and resident of Los Angeles, California.

5. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

6. Defendant Donisi Jax, Inc. d/b/a Nationwide Health Advisors is and at all times mentioned herein was, a corporation duly organized under the laws of the State of Florida with its headquarters in Pompano Beach, Florida.

7. Defendant is and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

8. In 2017, Defendant began placing telephone calls to Plaintiff's cellular telephone number ending in 0279.

9. These calls came from Defendant's telephone numbers, including 323-289-6166, 323-289-6167, and 323-289-6172.

10. Upon information and belief, Defendant has called Plaintiff dozens of times.

11. All of the calls were intended to, and did, advertise health insurance plans.

12. Several of these calls used a prerecorded voice.

13. For example, one of the calls used the prerecorded voice of a terrible Morgan Freeman impersonator, which advertised health plans and invited Plaintiff to call back at 855-341-3959, which is one of Defendant's telephone numbers.

14. These calls also used an automatic telephone dialing system, as evidenced by a brief and unnatural pause prior to the prerecorded messages beginning to play (e.g. in the Morgan Freeman example, no message began for four seconds).

15. Because the calls constitute telemarketing, Defendant was required to obtain prior express written consent from the persons to whom they made calls.

16. "Prior express written consent" is specifically defined by statute as:

> [A]n agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

47 CFR § 64.1200(f)(8).

17. Specifically, this requires any written agreement to have a "clear and conspicuous" disclosure informing the person signing that "such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice[.]" 47 CFR § 64.1200(f)(8)(i)(A).

18. "Clear and conspicuous", in turn, is defined as "notice that would be apparent to a reasonable consumer, separate and distinguishable from the advertising copy or other disclosures." 47 CFR § 64.1200(f)(3).

19. Plaintiff allegedly provided his telephone number through healthcare.com.

20. The disclosure on the page on which Plaintiff allegedly provided his telephone number is not sufficient to allow for "prior express written consent" as defined above.

21. As seen in the screenshot below, the required disclosures, to the extent they are adequate, are in small gray front on a gray page, below the "SEE PLAN QUOTES" button that purportedly binds the user to the terms.



22.     The placement and design of this disclosure is not "apparent to a reasonable consumer." It is in small gray font against a slightly lighter gray background, below the button that needs to be clicked to see quotes.

23.     Furthermore, while the page notes directly under the email field that "a copy of your quote will be sent here", there is no similar disclaimer immediately under the "phone" field (which is required). This is deceptive in that it gives the false sense that calls would not be made, but quotes would instead be emailed.

24.     Not only is the design and placement of the disclosure deficient, the disclosure itself

is also deficient for several reasons.

25. In full, the disclosure states:

By clicking on the submit button, by completing a contact form on this site or calling a number posted on this site, you represent that you are at least 18 years old and agree to our Privacy Policy and Terms of Use. You provide your signature expressly consenting to be contacted by HealthCare, Inc. and/or its partner companies and any of their commercial partners concerning the purchase of policies for health and other types of insurance including personal property and casualty insurance, even if you are on a state or federal Do Not Call Registry. You may be directed to a licensed sales agent who can answer your questions and provide information about Medicare related insurance plans. Agents are not connected with or endorsed by the U.S. government or the federal medicare program. You agree to be contacted through the use of emails or on your landline or mobile phone by live operators, automated telephone dialing systems, pre-recorded messages, and/or text messages or email. Your phone carrier's message and data rates may apply. Your consent is not a condition of purchase and you may revoke your consent at any time. You may also call to inquire and/or purchase. The plan prices and details shown here are just our initial estimates. To buy a plan, you must complete an application process with one of our partners that is licensed to sell insurance products and that will provide you more definitive information on plan prices, benefits, availability, and other details.

26. The disclosures regarding autodialed or prerecorded messages is included midway through a paragraph containing several other disclosures, including disclosures regarding the application process, licensure, pricing, and relationships (or lack thereof) with the government and various agencies.

27. This violates the requirement that the disclosure regarding prerecorded telemarketing calls must be "separate and distinguishable" from other disclosures.

28. Perhaps most egregiously, this disclosure does not directly explain to which companies the user is purportedly giving consent.

29. Only by clicking the "partner companies" hyperlink is one provided a list of companies.

30. Clicking the "partner companies" hyperlink causes a window to pop out displaying

a list of **<u>814 Companies</u>** that, along with their "commercial partners", ostensibly now have consent to call the person who filled out the form. The first part of this pop out can be seen in the following screenshot:



31.     Nationwide Health Advisors appears more than halfway down the list (company number 527).

32.     Beyond being absurd on its face to allow one form to give consent for phone calls from *at least* 814 different companies buried in a hyperlink, this violates the requirement that any

prior express written consent agreement clearly and conspicuously authorizes "the seller" to deliver prerecorded telemarketing calls.

33. Necessarily, this includes clearly and conspicuously identifying the seller – not providing a pop up link to a list of more than 800 companies who can now call

34. Accordingly, the healthcare.com page is insufficient to allow for "prior express written consent" and neither Plaintiff nor anyone else who allegedly provided their information to Defendant through this page provided the required "prior express written consent."

35. Indeed, Plaintiff did not want these calls, and sought to stop these calls by requesting that Defendant stop calling. These calls caused Plaintiff to spend time answering, time attempting to opt out, and caused Plaintiff immense frustration and annoyance. The calls were an invasion of Plaintiff's privacy.

36. Upon information and belief, Defendant does not maintain adequate records to track revocation of consent.

37. Regardless, because Defendant failed to obtain prior express written consent prior to making its prerecorded and autodialed telemarketing calls, Defendant's telephone calls violate 47 U.S.C. § 227(b), and Plaintiff and putative class members are entitled to $500 to $1500 per call.

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of a proposed class defined as:

> Plaintiff and all persons within the United States to whose telephone number Defendant placed a prerecorded or artificial voice telemarketing call, or to whose cellular telephone number Defendant placed a call using an automatic telephone dialing system, when Defendant obtained that telephone number through HealthCare.com.
>
> ("Class")

7

39. Excluded from this class are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

40. The Class members for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

41. The exact number and identities of the persons who fit within the class are ascertainable in that Defendant maintains written and electronically stored data showing:

    a. The time period(s) during which Defendant placed its calls;

    b. The telephone numbers to which Defendant placed its calls;

    c. The content of the calls;

    d. The equipment and methods for making the calls;

    e. The source of the telephone numbers to which Defendant placed its calls.

42. The Class is comprised of hundreds, if not thousands, of individuals nationwide.

43. There are common questions of law and fact affecting the rights of the Class members, including, *inter alia*, the following:

    a. Whether Defendant used an automatic dialing system or prerecorded voice in placing its calls;

    b. Whether the disclosure at healthcare.com qualifies as prior express written consent;

    c. Whether Plaintiff and Class members were damaged thereby, and the extent of damages for such violations; and

    d. Whether Defendant should be enjoined from engaging in such conduct in

the future.

44. Plaintiff is a member of the Class in that Defendant made prerecorded telemarketing calls using an automatic telephone dialing system to his cellular telephone.

45. The claims of Plaintiff are typical of the Class members in that they arise from Defendant's uniform conduct and are based on the same legal theories of all Class members.

46. Plaintiff and all putative Class members have also necessarily suffered actual damages in addition to statutory damages, as the calls used Class members' cellular telephone plans, caused a nuisance to Class members, caused Class members to waste time answering the calls, and invaded Class members' privacy.

47. Plaintiff has no interests antagonistic to, or in conflict with, the Class.

48. Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent himself and the Class.

49. Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class as a whole.

50. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

51. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

52. Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
(On Behalf of Plaintiff and the Class)

53. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

54. Defendant placed prerecorded and autodialed telemarketing telephone calls to the telephone numbers belonging to Plaintiff and the other members of the Class.

55. These calls were made in the absence of prior express written consent from Plaintiff and Class members.

56. Defendant has therefore violated 47 U.S.C. § 227(b).

57. As a result of Defendant's unlawful conduct, Plaintiff and the members of the putative Class are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation under 47 U.S.C. § 227(b)(3)(B).

58. Should the Court determine that Defendant's conduct was willful and/or knowing, Plaintiff and each member of the Class are entitled to treble damages in the amount of $1,500 per call, pursuant to 47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Malcolm Campbell, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff Campbell as the representative of the Class, and appointing his counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227;

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D. An award of statutory damages;

E. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** January 9, 2018

*/s/ Bradford R. Sohn*
Bradford R. Sohn
Fla. Bar No. 98788
**THE BRAD SOHN LAW FIRM, PLLC**
2600 South Douglas Road, Suite 1007
Coral Gables, Florida 33134
Tel: 786.708.9750
Fax: 305.397.0650
brad@sohn.com


*/s/ Jeremy M. Glapion*
Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com
*Pro hac vice* (to be filed)

*Attorneys for Plaintiff*